**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY S. LEE, SR., and** | : | **No. 3:13cv2604** |
| **REBECCA NEWHART-LEE, his wife,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **DERMOT REYNOLDS, M.D.,** | : | |
| **KRISTEN M. HATFIELD, PA-C,** | : | |
| **ROBERT PACKER HOSPITAL AND** | : | |
| **GUTHRIE CLINIC, LTD.,** | : | |
| **Defendants** | : | |

······························································································

## MEMORANDUM

Before the court for disposition is Defendants' Motion to Dismiss Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The matter has been fully briefed and is ripe for disposition. For the following reasons, the motion will be granted.

**Background**

Plaintiff Gregory S. Lee and his wife, Rebecca Newhart-Lee (collectively "plaintiffs") initiated this medical malpractice action on October 21, 2013. (Doc. 1, Compl.). Plaintiffs allege that during a course of treatment between July 12, 2011 and January 26, 2012, Defendants Dermot Reynolds, M.D. (hereinafter "Dr. Reynolds") and Kristen M. Hatfield, PA-C (hereinafter "PA Hatfield") failed to diagnose and treat a severe infection in Plaintiff Gregory Lee's right knee. (Id. ¶¶ 71, 88). Plaintiffs claim that Dr. Reynolds, PA Hatfield, and Defendants Robert Packer Hospital (hereinafter "RPH") and Guthrie Clinic, Ltd.'s (hereinafter "Guthrie") negligent treatment caused Plaintiff Gregory Lee permanent disability in his right knee.

Based upon these facts, plaintiffs filed the instant eight-count

complaint alleging: 1) medical  malpractice against Dr. Reynolds; 2) battery

against Dr. Reynolds; 3) medical malpractice against PA Hatfield; 4-7)

respondeat superior liability against RPH and Guthrie for the acts of Dr.

Reynolds and PA Hatfield; and 8) loss of consortium as to Plaintiff Rebecca

Newhart-Lee.  On February 17, 2014, defendants filed a motion to dismiss

pursuant  to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to

lack of diversity of citizenship under 28 U.S.C. § 1332, bringing the case to

its present posture.

**Legal Standard**

    Defendant brings this motion to dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(1) which directs dismissal of the complaint when the

court "lack[s] subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1).  In

determining whether the court has subject-matter jurisdiction, the court

must decide "whether the allegations on the face of the complaint, taken as

true, allege facts sufficient to invoke the jurisdiction of the district court."

Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)

(citations omitted). "Challenges to subject matter jurisdiction under Rule

12(b)(1) may be 'facial' or 'factual.'" Turicentro v. Am. Airlines, 303 F.3d

293, 300 n.4 (3d Cir. 2002).  A facial attack serves to "contest the

sufficiency of the pleadings, and the trial court must accept the complaint's

allegations as true." Id.  Dismissal under a facial challenge is proper only

when the claim appears to be immaterial and made solely for the purpose

of obtaining jurisdiction, or is wholly insubstantial and frivolous.  Kehr

Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir.1991).

    In contrast, a trial court considering a factual attack, i.e., an attack

based on the sufficiency of a jurisdictional fact, accords a plaintiff's

2

allegations no presumption of truth. <u>Turicentro</u>, 303 F.3d at 300 n.4. Where subject matter jurisdiction "in fact" is challenged, the trial court's very power to hear the case is at issue, and the court is therefore "free to weigh the evidence and satisfy itself as to the power to hear the case." <u>Mortensen v. First Fed. Sav. & Loan Assoc.</u>, 549 F.2d 884, 891 (3d Cir. 1977). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." <u>Id.</u>

**Discussion**

Defendants seek dismissal of plaintiffs' complaint arguing that the court lacks subject matter  jurisdiction.  Specifically, defendants raise a factual attack and contend that complete diversity of citizenship does not exist pursuant to 28 U.S.C. § 1332.  Defendants assert that Plaintiffs and PA Hatfield are all citizens of the State of New York.

Plaintiffs concede that the court does not have subject  matter jurisdiction over this action as presently constituted.  Plaintiffs, however, contend that rather than dismissing the complaint in its entirety, the court should dismiss only PA Hatfield from the case because she is the sole diverse defendant and she is not an indispensable party.  Defendants assert that Federal Rule of Civil Procedure 19 prohibits plaintiffs' proposed relief because PA Hatfield is a necessary and indispensable party. Moreover, plaintiffs have an adequate and suitable alternative forum to bring this action in state court, where all necessary and indispensable parties could be joined.  After careful review, we agree with the defendants.

Federal courts, being courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a

case.  Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993), *cert. denied*, 510 U.S. 964 (1993).  In the instant case, plaintiffs' complaint  premises jurisdiction on diversity of citizenship. The diversity jurisdiction statute provides:  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."[1]  28 U.S.C. § 1332(a)(1).  Section 1332 and "its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (citing Snyder v. Harris, 394 U.S. 332, 338-39 (1969)).  The burden is on the plaintiff to establish that diversity of citizenship exists.  See Petruska v. Gannon Univ., 462 F.3d 294, 301 n.3 (3d Cir. 2006) (stating that "[n]o presumptive truthfulness attaches to plaintiff's allegations . . . the plaintiff will have the burden of proof that jurisdiction does in fact exist.").

In the instant matter, complete diversity of citizenship is lacking because plaintiffs and Defendant PA Hatfield are each citizens of the State of New York.  (See Compl. ¶ 2; Doc. 14-1, Ex. A, Affidavit of Kristen M. Hatfield, PA-C ¶¶ 4,5).

Plaintiffs assert that the court could cure the lack of subject matter jurisdiction by dismissing PA Hatfield.  Defendants argue that the court is precluded from dismissing PA Hatfield because she is a necessary and

---

[1]  "Federal diversity jurisdiction exists to neutralize local prejudices against foreign parties and ensure that the outcome of a trial is unaffected by the parties' affiliation with the locality."  Bank of the United States v. Deveaux, 9 U.S. 61, 87 (1809).

indispensable party to the action.

It is well settled that "the district court is precluded from retaining diversity jurisdiction by dismissing a non-diverse party, if that party is indispensable under Fed. R. Civ. P. 19." <u>Publicker Indus., Inc. v. Roman Ceramics Corp.</u>, 603 F.2d 1065, 1069 (3d Cir. 1979).  It is the plaintiffs' burden "to demonstrate [PA Hatfield] is a dispensable party." <u>Enza Inc. v. We The People, Inc.</u>, 838 F. Supp. 975, 978 (E.D. Pa. 1993).   As such, the court must determine whether plaintiffs have plead facts sufficient to show that PA Hatfield is a dispensable party in this action.

The court conducts a two-step analysis to determine whether a party is dispensable.  First, the court determines whether the absent party is "necessary" under Rule 19(a).  <u>Bank of Am. v. Hotel Rittenhouse Assocs.</u>, 844 F.2d 1050, 1053-54 (3d Cir. 1988).  Second, if the party is "necessary" and joinder is not feasible, then the court must decide whether the party is 'indispensable' under Rule 19(b)." <u>Id.</u>  The court addresses each part in turn.

**A. Whether PA Hatfield is a Required, Necessary Party Under Rule 19(a)**

Under Rule 19 of the Federal Rules of Civil Procedure, a person subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction "must be joined as a party" if:

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest;

FED. R. CIV. P. 19(a)(1)(B)(i).

A party must be joined under Rule 19(a)(1)(B)(i) if "some outcome of

5

the federal case that is reasonably likely can preclude the absent party with respect to an issue material to the absent party's rights or duties under standard principles governing the effect of prior judgments." <u>Janney Montgomery Scott, Inc. v. Shepard Niles</u>, 11 F.3d 399, 409 (3d Cir. 1993). Moreover, absent defendants are necessary parties needed for just adjudication under Rule 19(a) if they have a legally protected interest related to the subject matter of the action. <u>Liberty Mut. Ins. Co. v. Treesdale, Inc.</u>, 419 F.3d 216, 230 (3d Cir. 2005). The Supreme Court has held that an individual has a legally protected interest in his or her reputation. <u>Wisconsin v. Constantineau</u>, 400 U.S. 433, 437 (1971).

In the instant case, plaintiffs directly challenge PA Hatfield's care in asserting that her medical professional negligence caused Plaintiff Gregory Lee's injuries. (Compl. ¶¶ 88, 102, 105). As such, PA Hatfield has a substantial professional interest in the litigation of the propriety of her medical care and the outcome of the case. To allow this action to proceed without PA Hatfield's presence as a party would impair her ability to protect her reputation and career interests. Because PA Hatfield has a legally protected interest in protecting and maintaining her professional reputation, PA Hatfield is a necessary party required in this action pursuant to Rule 19(a). <u>See</u> <u>Liberty Mut. Ins. Co.</u>, 419 F.3d at 230.

**B. Whether PA Hatfield is an Indispensable Party Under Rule 19(b)**

Having determined that PA Hatfield is a necessary party, the court must now decide whether in equity and good conscience, this action should be dismissed because PA Hatfield is indispensable to the action. Rule 19(b) enumerates four factors the court should consider in determining

6

whether the party at issue is indispensable: (i) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (ii) the extent to which prejudice can be avoided by protective provisions or shaping of relief; (iii) whether a judgment in the person's absence would be adequate; and (iv) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. FED. R. CIV. P. 19(b)(1)-(4).

The court first examines "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties." FED. R. CIV. P. 19(b)(1).  Here, PA Hatfield and the remaining defendants, Dr. Reynolds, RPH and Guthrie (hereinafter "remaining defendants"), all risk being prejudiced.  Looking first to the remaining defendants' interest, a judgment entered absent PA Hatfield's presence subjects the remaining defendants to being  judged responsible for a liability they possibly share with PA Hatfield.  See Whyham v. Piper Aircraft Corp., 96 F.R.D. 557, 562 (M.D. Pa. 1982) (stating that defendants have a clear interest in having the liability issue decided consistently as to all supposed wrongdoers.). Similarly, a risk of prejudice exists as to PA Hatfield in that a determination that her conduct contributed to plaintiff Gregory Lee's injuries would, as a practical effect, prejudice any future actions taken against PA Hatfield based on the same events.  Given the prejudicial concerns to each of the existing defendants as well as the possibility of inconsistent verdicts, we conclude that the first Rule 19(b) factor weighs in favor of a finding that PA Hatfield is an indispensable party.

Next, the court discusses the extent to which prejudice can be lessened by the shaping of relief or the addition of protective provisions in

7

the judgment.   We cannot conceive, nor have plaintiffs established, any modification of a judgment which would reasonably or adequately protect PA Hatfield or the remaining defendants from the prejudice such a judgment could generate.  As such, the second factor also weighs in favor of indispensability.

The third 19(b) factor addresses the issue of "whether a judgment rendered in the person's absence will be adequate."  FED. R. CIV. P. 19(b). The Supreme Court has interpreted this factor to refer to the interest of the courts and the public "in settling disputes in wholes, whenever possible . . . ." Provident Tradesmen Bank & Trust Co., 390 U.S. at 111.  To resolve a lawsuit in a single proceeding furthers the interests not only "of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter."  See FED. R. CIV. P. 19 advisory committee's note.  The public interest in having one final adjudication of all the interested parties' rights weighs heavily in favor of a finding that PA Hatfield is indispensable to this matter.  Clearly, one dispositive action against the several named defendants would eliminate multiple suits concerning liability and serve judicial economy.  See Provident Tradesmen Bank & Trust Co., 390 U.S. at 110.

Finally, the fourth factor examines "whether the plaintiff will have an adequate remedy if the action is dismissed . . ."  FED. R. CIV. P. 19(b).  In the instant matter, plaintiffs have an adequate and suitable alternative forum in state court.  Indeed, as plaintiffs concede, they can file this action

in New York state court.[2]  Plaintiffs contend, however, that they do not have an adequate remedy in Pennsylvania because the statute of limitations for bringing an action in a Pennsylvania state court has passed and, as such, dismissal would deprive plaintiffs of a forum in Pennsylvania.   We do not agree with plaintiffs' contentions.

Dismissal would not deprive plaintiffs of a Pennsylvania state forum. Subsequent to dismissal, plaintiffs could transfer the matter to a Pennsylvania state court by following the statutory prerequisites set forth in 42 PA. CONS. STAT. ANN. § 5103(b).  Weaver v. Marine Bank, 683 F.2d 744, 746 (3d Cir. 1982) (explaining "[w]hen a matter is brought in a [federal] court which does not have jurisdiction . . . the case [may] be transferred to the proper court of the Commonwealth . . . [and] the matter "shall be treated as if originally filed in the (state) court . . . on the date first filed in a (federal) court . . . ."); Lafferty v. St. Riel, 397 F. Supp. 2d 602, 605 (E.D. Pa. 2005) (stating that the statute of limitations is tolled when a complaint is timely filed in any of the three federal district courts within Pennsylvania and "it may be dismissed for lack of jurisdiction, without fear that the dismissal or transfer will result in the statute of limitations barring the action.").  Accordingly, plaintiffs have access to a forum in Pennsylvania. Given the existence of these satisfactory alternate forums, the fourth and final of the 19(b) factors weighs strongly in favor of a finding that PA Hatfield is indispensable.

---

[2] Plaintiffs request that, if the court determines PA Hatfield to be a necessary and indispensable party under Rule 19 and determines that the action should be dismissed, the action should be dismissed without prejudice to allow the plaintiffs to file this action in state court.  (Doc. 17, Pls.' Br. in Opp'n at 1).

As such, each of the four 19(b) factors weighs in support of dismissal. Applying the two-step analysis directed by Rule 19 confirms that PA Hatfield is both a necessary and an indispensable party, and that the matter must be dismissed in its entirety.  Given the severe risks of prejudice and impairment of PA Hatfield's rights and interests if plaintiffs were permitted to adjudicate the propriety of her conduct in her absence, it is clear that in equity and good conscience the action should not proceed as currently crafted without PA Hatfield.  Because plaintiffs have an adequate alternative forum in both Pennsylvania and New York state courts, the court will exercise its discretion and dismiss this action without prejudice.

**Conclusion**

For the reasons set forth above, the court will dismiss plaintiffs' complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.  An appropriate order follows.

Date: <u>May 27, 2014</u>                    s/ James M. Munley
                                            **JUDGE JAMES M. MUNLEY**
                                            **United States District Court**

10